UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
MAR 15 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JOHN JOSEPH BERLIN, #119221,

    Petitioner,

v.

ACTION NO. 2:09cv443

GENE JOHNSON,
Director Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

Petitioner John Joseph Berlin, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Berlin's January 31, 2007 convictions by the Circuit Court for the City of Suffolk following a plea of guilty to possession of cocaine with intent to distribute, and two counts of driving with no operator's license. Berlin was sentenced to eleven years in prison, with seven years and ten months suspended. He did not file a direct appeal of his convictions.

Berlin executed a habeas corpus petition on May 5, 2008, which was filed in the Circuit Court for the City of Suffolk. The petition was denied and dismissed on February 18, 2009. Berlin's

appeal of the decision to the Supreme Court of Virginia was refused on August 6, 2009, on grounds that the petition "fails to comply with the requirements of Rule 5:17(c) because it does not list the specific error(s) in the lower court proceedings upon which the petitioner intends to rely." Berlin v. Dir. of the Virginia Dept. of Corrections, Record No. 091027 (Va. S. Ct. Aug. 6, 2009).

Berlin, presently in the custody of the Virginia Department of Corrections at Deerfield Correctional Center in Capron, Virginia, filed this federal habeas petition on September 10, 2009. Respondent filed a Rule 5 Answer and Motion to Dismiss, and Berlin filed his response to the Motion to Dismiss. Accordingly, this matter is now ripe for adjudication.

**Grounds Alleged**

Berlin asserts the following entitle him to relief under 28 U.S.C. § 2254:

1) "Illegal Search and Seizure
See: Statement of Facts - See: Appeal # 1,2,4 - See: Suffolk Circuit Court para. 3-5-6- See: Exhibit;"[1]

2) "Tainted Evidence
See: Statement of Facts, See: Appeal # 4 - See: Circuit Court para. 6, that counsel was ineffective for failure to motion for suppression of tainted evidence;"

3) "Coercion in obtaining Plea Agreement
See: Statement of Facts - See: Appeal # 8-9-10-11
See: Suffolk Circuit Court para. 9 - g and h;"

4) "Breach of Confidential Informant Agreement
See: Trial records;"

5) "Actual Innocence / Malicious Prosecution
Rely on Bivens v. Six Unknown Named Agents/

---

[1] The only attachment to Berlin's petition is a copy of the August 6, 2009 decision by the Supreme Court of Virginia, refusing Berlin's state habeas appeal from the Circuit Court. In his Brief in Opposition to Respondent's Motion to Dismiss [Doc. 11], Berlin presents factual and legal argument in support of the grounds listed in his petition.

2

Federal Bureau of Narcotics, 403 U.S. 388, 29 L.Ed.2d 619, 91 S. Ct. 1999. The illegal search and seizure. The acting without warrant nor the probable cause and equal protection of law. The violation of the 14th Amendment and Rights of the Unreasonable Search and Seizure doctrine."

(Petition at 6-12.)

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Berlin's petition is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

Berlin failed to note an appeal of his January 31, 2007 convictions within thirty days. See Rule 5A:6, Rules of the Supreme Court of Virginia. Therefore, his convictions became final on March 2, 2007, and the one-year federal statute of limitations began to run.

The federal limitations period expired March 3, 2008, two months prior to Berlin executing his first state habeas petition on May 5, 2008. Therefore, Berlin's claims are barred by the statute of limitations, and the Court will not address the merits of the claims.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's motion to dismiss be GRANTED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr

v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
March 15, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

John Joseph Berlin, #119221
Deerfield Correctional Center
21360 Deerfield Dr.
Capron, VA 23829

Gregory W. Franklin, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

March 15, 2010

5